Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiff Krystal Reyes,
as Guardian ad Litem for I.R., a minor

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL REYES, as Guardian ad Litem for I.R., a minor<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY PROBATION DEPARTMENT, LOS ANGELES COUNTY CHIEF PROBATION OFFICER TERI L. McDONALD, DEPUTY PROBATION OFFICER PUENTE, DEPUTY PROBATION OFFICER STANCE, and DOES 1 TO 10,<br><br>Defendants. | Case No. 2:19-cv-5209<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S COMPLAINT UNTIL AUGUST 9, 2019; DECLARATION OF COUNSEL** |

Plaintiff Krystal Reyes, Guardian ad Litem for I.R., a minor, by and through counsel of record, Erin Darling, hereby opposes Defendants' Ex Parte Application to Extend Time to Respond to Plaintiff's Complaint. The grounds for Plaintiffs' opposition are stated in the attached memorandum and declaration of Erin Darling.

Respectfully submitted,

DATED: July 13, 2019    By:  */s/ Erin Darling*
ERIN DARLING

1

## MEMORANDUM OF POINTS & AUTHORITIES

### I.  INTRODUCTION

Defendants sat on their hands for over two weeks after being served a copy of the complaint, and despite employing in-house counsel, did not provide the complaint to the lawyer tasked with drafting a responsive pleading until July 11, 2019, six days before an answer was due. With almost a week to file, defendants have chosen to spend time to file an ex parte application, rather than answer a well-pleaded complaint. The reason provided is that "Defendants' counsel is currently working on other matters," and "will not be able to carefully analyze the Complaint to determine the appropriate response." *See* Dkt. No. 17, at 2, Defendants' Ex Parte Application. Defendants' application does not establish how defendants would be irreparably harmed should they have six days to respond to the complaint, nor does it establish that defendants were without fault in creating the crisis that requires ex parte relief. Since the basic standard for relief has not been met, defendants' application should be denied and they should file responsive pleading by July 17, three weeks after they were served.

### II.  ARGUMENT

"What showing is necessary to justify ex parte relief? First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established <u>that the moving party is without fault in creating the crisis that requires ex parte relief</u>, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (emphasis added). "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Id.* at 493.

Here, defense counsel suggests that plaintiffs have created a crisis by not granting an extension. Odd. One, there is no crisis, six days is plenty of time to file

2

responsive pleadings. Two, the stated reason ("Defendants' counsel is currently working on other matters" and "will not be able to carefully analyze the Complaint to determine the appropriate response") does not establish that defendants were without fault in creating the crisis that requires ex parte relief. The opposite. Defendants created the crisis by not assigning an attorney for over two weeks, and when they did, they assigned an attorney too busy to "carefully analyze the Complaint." Defendants' suggestion that plaintiffs' counsel created the crisis by not granting an extension does not make sense: the need for a continuance was not created when plaintiff's counsel refused to grant a continuance, the need for a continuance was created when defendants waited over two weeks to assign a lawyer this case, and then assigned a lawyer too busy to respond within six days. Moreover, plaintiff's counsel was willing to grant an extension to file an answer. *See* Dkt. 17-2 at 3 of 5, Exhibit A, Darling e-mail. ("Plaintiffs are willing to extend time for defendants to file their answer to the complaint. Plaintiffs are not willing to extend time for defendants to 'respond' (and otherwise file a motion to dismiss.)") In short, defendants have not made the proper showing for ex parte relief.

### III.   CONCLUSION

Plaintiffs have drafted a carefully pleaded complaint that should be answered. If defendants disagree, they can file a motion to dismiss. But considering the standard for ex parte relief has not been articulated, the Court should not reward dilatory tactics by indulging the defendants with the requested extraordinary relief.

Respectfully submitted,

DATED: July 13, 2019           By   */s/ Erin Darling*
                                    ERIN DARLING
                                    Attorney for Plaintiffs

3

## DECLARATION OF COUNSEL

I, Erin Darling, hereby declare as follows:

1. I am an attorney permitted to practice in the Central District of California, and I represent plaintiffs Krystal Reyes, as Guardian ad Litem for R.H., a minor, in the above-entitled action.

2. Defendants were served a copy of the summons and complaint in this action on July 26, 2017, and have until July 17, 2019, to respond. *See* Dkt. No. 12-16.

3. On July 11, 2019, I received an email from defense counsel requesting a continuance. My response is included as Exhibit A to Defendants' ex parte application. *See* Dkt. 17-2, Exhibit A. I indeed informed Mr. Altura that "Plaintiffs are willing to extend time for defendants to file their answer to the complaint. Plaintiffs are not willing to extend time for defendants to 'respond' (and otherwise file a motion to dismiss.)" It is my position that plaintiffs have filed a well-pleaded complaint, that there is no basis for a response other than an answer, and that if defendants disagree, then six days is adequate time to respond. Moreover, defendants have not met the applicable standard, and cannot establish that they were without fault in needing more time, as no one else but defendants can be blamed for waiting over two weeks to assign a lawyer to this case.

Respectfully submitted,

DATED: July 13, 2019          By   */s/ Erin Darling*
                                    ERIN DARLING
                                    Attorney for Plaintiffs

4