Justin E. Sterling, State Bar No. 249491
LAW OFFICES OF JUSTIN STERLING
Justin@SterlingDefense.com
15760 Ventura Blvd. Suite 700
Encino, CA 91436
Tel. (818) 995-9452/Fax. (818) 824-3533

Erin Darling, State Bar No. 259724
LAW OFFICES OF ERIN DARLING
Erin@ErinDarlingLaw.com
3435 Wilshire Blvd. Suite 2910
Los Angeles, CA 90010
Tel. (323) 736-2230

Attorneys for Plaintiff Krystal Reyes,
as Guardian ad Litem for I.R., a minor

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL REYES, as Guardian ad Litem for I.R., a minor,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY PROBATION DEPARTMENT, LOS ANGELES COUNTY CHIEF PROBATION OFFICER TERI L. McDONALD, DEPUTY PROBATION OFFICER PUENTE, DEPUTY PROBATION OFFICER STANCE, and DOES 1 TO 10,<br><br>Defendants. | Case No. 2:19-cv-5209-GW-KS<br><br>**JOINT RULE 16(b)/26(f) REPORT**<br><br>Scheduling Conference: Sept. 9, 2019<br>Time: 8:30 a.m.<br>Location: 9D |

## JOINT RULE 16(b)/26(f) REPORT

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f), CACD LR-26-2 and the July 31, 2019, order of the court, Plaintiff Krystal Reyes, as Guardian ad Litem for I.R., a minor, and Defendants County of Los Angeles, Los Angeles County Probation Department, Los Angeles County Chief Probation Officer Teri L. McDonald, Deputy Probation Officer Puente, and Deputy Probation Officer Stance submit this report for the Rule 16(b)/26(f) Scheduling Conference.

1

### A. STATEMENT OF THE CASE

Around July of 2017, Plaintiff I.R. was fifteen years old and in the custody of the County of Los Angeles, at the Eastlake Central Juvenile Hall, when she was pepper-sprayed in the face and eyes by deputy probation officers Puente, Stance and Does, which Plaintiff alleges was in violation of her constitutional rights. Plaintiff alleges that she suffered severe emotional and physical pain as a result of the pepper spray incidents. Plaintiff also alleges that the deputies used force because of the County of Los Angeles' policies, customs, and practices of permitting probation officers to use OC spray without justification. Defendants contend that any use of force was justified under the circumstances because Plaintiff posed a severe threat of harm to herself and probation officers.

### B. SUBJECT MATTER JURISDICTION

Plaintiff brings this case pursuant to 42 U.S.C. §§ 1983, 1988. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 (1-4).

### C. LEGAL ISSUES

Plaintiff has brought claims under 42 U.S.C. § 1983 for First, Fourth, Eighth and Fourteenth Amendment violations against the individual and entity defendants, conspiracy to violate civil rights, as well as a supervisory liability claim. The legal issues in this case are (a) whether the alleged use of force by Officers Puente, Stance, and Does 1 and 2 was reasonable under the circumstances; (b) whether the County of Los Angeles has adequate policies regarding the deployment of OC spray; and (c) the cognizability of Plaintiff's claims (ie, which constitutional amendment applies).

### D. PARTIES AND NON-PARTY WITNESSES

Plaintiff anticipates the following witnesses at this point in the case: I.R., Deputy Probation Officer Puente, Deputy Probation Officer Stance, Los Angeles County Chief

1  Probation Officer Teri L. McDonald, Does, as well as an expert witness on juvenile
2  detention practices.
3     Defendant anticipate calling Krystal Reyes, as Guardian ad Litem for I.R., a
4  minor, County of Los Angeles, Los Angeles County Probation Department, Los
5  Angeles County Chief Probation Officer Teri L. McDonald, Deputy Probation Officer
6  Puente, and Deputy Probation Officer Stance.
7     Additional defendants may be named as their identities are disclosed. Minor I.R.
8  will reach the age of majority in November, 2019.
9
10 **E.  DAMAGES**
11    Defendants' violation of Plaintiff's rights caused I.R. to suffer great emotional,
12 mental and physical pain, anguish, fright, nervousness, anxiety, shock, humiliation,
13 indignity, embarrassment, and apprehension. Though certainly compensable, the range
14 is not readily quantified. Accordingly, particular compensatory (and potentially
15 punitive) damages would be best determined by a jury at the time of trial.
16
17 **F.  INSURANCE**
18    Plaintiff has no applicable insurance.
19    The County of Los Angeles is self-insured.
20
21 **G.  MOTIONS**
22    Plaintiff anticipates filing motions in limine, and partial summary
23 judgment/adjudication.
24    Defendants anticipate filing a motion for judgment on the pleadings on (1) the
25 cognizability of Plaintiff's First Amendment claim; (2) the cognizability of Plaintiff's
26 Fourth, Eighth, and Fourteenth Amendment claims; and (3) the insufficiently vague
27 allegations of Plaintiff's Monell claim, supervisorial liability claim, and conspiracy claim.
28

### H. MANUAL FOR COMPLEX LITIGATION

This case does not require procedures from the Manual for Complex Litigation.

### I. STATUS OF DISCOVERY

The parties have not yet propounded discovery, but intend to do so to following the scheduling conference. Plaintiff is willing to stipulate to a request for a protective order for certain materials that will be requested from defendants, such as personnel records.

### J. DISCOVERY PLAN

Plaintiff anticipates propounding discovery in August 2019, and conducting depositions in the fall and winter of 2019. Anticipated party deponents include Deputy Probation Officers Puente and Stance, as well as Chief Probation Officer McDonald. Non-party deponents will be identified after Plaintiff has an opportunity to review Defendants' discovery responses. Plaintiff anticipates propounding additional interrogatories upon review of the initial discovery disclosures. The parties also anticipate expert discovery will be necessary for issues related to assessing liability and damages.

Defendants will be propounding discovery requests to plaintiff and anticipate taking depositions on dates to be arranged. Anticipated depositions will include the Plaintiff. Defendants anticipate that discovery will be conducted on Plaintiff's alleged (1) physical and emotional injuries and medical and economic damages; (2) the reasonableness of the force; (3) COLA's policies about the deployment of OC spray in juvenile detention facilities. Defendants believe there may be issues about the disclosure of the officers' personnel files, but the parties will try to resolve these issues without the need for court intervention.

At this point, the parties do not identify any issues about disclosures.

The parties agree to the mutual exchange of Rule 26 Disclosures on August 19,

4

2019.

The parties do not anticipate a need for any change to the nature or limit of allowable discovery. However, the parties will seek agreement of each other and/or the court if necessary, if the need arises. The parties will seek additional protective orders when necessary to protect confidential information.

**K.  DISCOVERY CUT-OFF**

The parties jointly request that the general discovery cut-off, including depositions, be set for February 10, 2020.

**L.  EXPERT DISCOVERY**

Please see timetable in Section R below.

**M.  DISPOSITIVE MOTIONS**

The parties propose that the dispositive motion hearing cut-off is May 25, 2020.

**N.  SETTLEMENT**

The parties are willing to request a private mediator. That determination will be made after the parties have an opportunity to review discovery.

**O.  TRIAL ESTIMATE**

The parties propose an August 10, 2020 jury trial date.  The parties anticipate that the trial will take 4–5 court days and anticipate calling up to ten witnesses.

**P.  TRIAL COUNSEL**

Erin Darling and Justin Sterling for Plaintiff.

Defendants' trial counsel: Rickey Ivie and Jack Altura.

**Q.  INDEPENDENT MASTER**

This is not a case where the Court should consider appointing a master or independent scientific expert.

**R.  TIMETABLE**

The parties are submitting a schedule of dates listed below and based on a single trial date.

Name: *Reyes v. County of Los Angeles, et al.*     Case No. 2:19-CV-5209-GW

| Matter | Plaintiff's Date/Defendant's Date | Court's Order |
|---|---|---|
| Jury Trial Duration Estimate: 4-5 days | August 10, 2020 | |
| Final Pretrial Conference [LR 16] (Monday at 1:30 p.m.) | July 13, 2020 | |
| Last Date to *Hear* Motion to Amend Pleading/ Add Parties | May 25, 2019 | |
| Expert Disclosure (Initial) | February 24, 2020 | |
| Expert Disclosure (Rebuttal) | March 9, 2020 | |
| Expert Discovery Cut-Off | March 23, 2020 | |
| Last Date to *Hear* Motions (Monday at 10:00 a.m.) | May 25, 2020 | |
| Last Date to Conduct Settlement Conf. | March 16, 2020 | |

6

**S.     OTHER ISSUES**

None anticipated at this time. However, if issues arise, the parties will bring them before the court via appropriate filing(s).

**T.     PATENT CASES**

This is not a patent case.

**U.     CONSENT TO MAGISTRATE**

The parties do not consent to a magistrate at this time.

Respectfully submitted

DATED:  August 23, 2019                     LAW OFFICES OF ERIN DARLING

                                            By:   /s/ *Erin Darling*
                                                  Erin Darling
                                                  Attorney for Plaintiff,
                                                  KRYSTAL REYES, as Guardian ad Litem
                                                  for R.H., a minor

Dated:  August 23, 2019                     **IVIE, McNEILL & WYATT**

                                            By:   /s/ JACK F. ALTURA
                                                  **RICKEY IVIE**
                                                  **JACK F. ALTURA**
                                                  Attorneys for Defendants,
                                                  County of Los Angeles et al.

7