**RICKEY IVIE** (#76864)
rivie@imwlaw.com
**JACK F. ALTURA** (#297314)
jaltura@imwlaw.com
**IVIE, McNEILL & WYATT**
444 S. Flower Street, Suite 1800
Los Angeles, California 90071
Tel.  (213) 489-0028
Fax  (213) 489-0552

Attorneys for Defendants
**COUNTY OF LOS ANGELES, et al.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL REYES, as Guardian ad Litem for I.R., a minor,<br><br>   Plaintiff,<br>   vs.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY PROBATION DEPARTMENT, LOS ANGELES COUNTY CHIEF PROBATION OFFICER TERI L. McDONALD, DEPUTY PROBATION OFFICER PUENTE, DEPUTY PROBATION OFFICER STANCE, and DOES 1 TO 10,<br>   Defendants. | **CASE NO.: 2:19-cv-5209-GW-KS**<br><br>**NOTICE OF FIRST *EX PARTE* APPLICATION; FIRST *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER STAYING THE DEPOSITIONS OF DEFENDANTS OFFICER PUENTE AND OFFICER STANCE;  FIRST *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER STAYING THE DEPOSITION OF DEFENDANT COUNTY OF LOS ANGELES' RULE 30(B)(6) WITNESSES**<br><br>**[OPPOSED]**<br><br>**[DISCOVERY MATTER]**<br><br>Current discovery cut-off: 3/6/2020<br>Trial date: 6/14/2020 |

///

///

-1-

**TO THE COURT AND TO THE PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 25, 2020, Defendants COUNTY OF LOS ANGELES, et al. ("Defendants") will apply *ex parte* for a protective order staying the depositions of Defendants Officer Puente and Officer Stance; and an *ex parte* application staying the depositions of Defendants' Rule 30(b)(6) witnesses.

This *ex parte* application is based on the notice of application, the memorandum of points and authorities, the declaration of Jack F. Altura and the exhibits attached thereto, and upon further evidence and oral argument as allowed by the Court.

**Plaintiff's counsel's contact information**

| | |
|---|---|
| Justin E. Sterling | Erin Darling |
| Law Offices of Justin Sterling | Law Offices of Erin Darling |
| 15760 Ventura Boulevard, Suite 700 | 3435 Wilshire Boulevard, Suite 2910 |
| Encino, CA 91436 | Los Angeles, CA 90010 |
| justin@sterlingdefense.com | erin@erindarlinglaw.com |
| Tel (818) 995-9452 | Tel (323) 736-2230 |

**Statement of Plaintiff's position on *ex parte* application**

Plaintiff's counsel will oppose this *ex parte* application.

**Plaintiff's counsel was given notice of the instant *ex parte* application**

On February 25, 2020, Plaintiff's counsel was given notice via email and over the telephone of the instant *ex parte* application. *See* Declaration of Jack F. Altura ¶¶ 4–5.

Dated: February 25, 2020　　　　　　　　　　**IVIE, McNEILL & WYATT**

　　　　　　　　　　By: /s/ Jack F. Altura
　　　　　　　　　　**RICKEY IVIE,**
　　　　　　　　　　**JACK F. ALTURA**
　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　COUNTY OF LOS ANGELES, et al.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants seek a protective order staying the depositions of Officer Puente and Officer Stance noticed for February 27, 2020. Defendants timely objected to the deposition notices on the ground that their counsel is unavailable on that date. Soon after serving objections, defense counsel offered a date for the depositions for following week on March 6, 2020. Plaintiff's counsel is insistent that the depositions proceed on February 27, 2020, even though they can articulate no reasonable ground for refusing March 6, 2020.

Defendants also seek a protective order staying the deposition of Defendant County of Los Angeles Rule 30(b)(6) witness, which has been noticed for March 3, 2020. Defendants received actual notice of the deposition on February 20, 2020— a mere eight business before the noticed date. Eight business days before a Rule 30(b)(6) deposition does not provide reasonable written notice because the producing party must identify, designate, educate and otherwise prepare the witness for the deposition. Moreover, defense counsel informed Plaintiff's counsel that defense counsel was extraordinarily busy in February and the first week of March yet nonetheless waited until the last weeks before the discovery cut-off to notice the Rule 30(b)(6) deposition. Plaintiff's counsel's conduct is simply unreasonable.

Notably, the proofs of service for all three deposition notices are presumed invalid because the dates stamped by the post office on the envelopes are more than one day after the dates on the proofs of service.

Accordingly, the Court should grant these *ex parte* applications and stay the depositions of Officer Stance, Officer Puente, and the Rule 30(b)(6) witness.

## II. ARGUMENT

### A. *Ex Parte* Relief is Appropriate in this Instance

The showing necessary to be accorded *ex parte* relief is: "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.

-1-

Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

*Ex parte* relief is appropriate. First, Defendants will be irreparably prejudiced if this *ex parte* application is heard according to a regularly noticed motion schedule because Plaintiff gave less than 28 days' notice for the depositions. Therefore, even if Defendants filed a motion on the date of receiving notice, that motion would not be heard before the depositions.

Second, Defendants are not at fault in creating the situation that requires *ex parte* relief. Defense counsel immediately informed Plaintiff's counsel that defense counsel was unavailable on the date noticed for the depositions of Officer Stance and Officer Puente and soon thereafter offered a date for their depositions on the week following the noticed date. Plaintiff's counsel simply refuses to accept that date.

Moreover, Plaintiff waited until the very end of discovery to notice Defendant's Rule 30(b)(6) witness and gave Defendants only eight business days' notice to identify, designate, prepare, educate, and produce the Rule 30(b)(6) witnesses on seven categories of questions. Eight business days' notice is simply an insufficient amount of time for a Rule 30(b)(6) witness.

Accordingly, *ex parte* relief is appropriate.

**B. The Court Should Stay the Depositions of Defendant Officer Puente and Officer Stance**

The Court should stay the depositions of Defendant Officer Puente and Officer Stance because defense counsel promptly objected to the deposition notices on the ground that defense counsel was unavailable. Within a reasonable amount of time after objecting, another date for the depositions was offered.

Federal Rule of Civil Procedure 30(b)(1) provides that a party may take the deposition of any person upon reasonable notice. A party whose deposition has been noticed may seek a protective order under Rule 26(c), including an order that

the deposition take place only at a designated time or place. *Anoruo v. Shinseki*, No. 2:12-CV-01190-JCM, 2013 WL 4546795, at *2 (D. Nev. Aug. 27, 2013). If the noticing party refuses to reschedule a properly noticed deposition, it is incumbent on the party whose deposition is noticed to move for a protective order staying the deposition. *Id.* (*citing Anderson v. Air West, Inc.*, 542 F.2d 1090, 1093 (9th Cir. 1976)).

Good cause exists to issue a protective order staying the depositions of Officer Puente and Officer Stance noticed for February 27, 2020. Defense counsel received actual notice on February 5, 2020 and served objections to the deposition notice on the ground of counsel unavailability on February 6, 2020. Declaration of Jack F. Altura ("Altura Decl.") ¶¶ 7, 10; exhibit E. The deposition notices were purportedly served on January 31, 2020, but the post office stamp on the envelope shows February 3, 2020. Altura Decl. ¶¶ 8, 9; exhibits C, D. The proofs of service are therefore presumed invalid. *See* Cal. Code Civ. Proc. 1013a; *Iverson v. Superior Court*, 167 Cal. App. 3d 544, 548 (1985); *In re R.R.*, 187 Cal. App. 4th 1264, 1276 (2010).

On February 12, 2020, Plaintiff served a "response" to Defendants' objections taking the preposterous position that any one of the "nineteen lawyers" (there are fourteen lawyers at the Los Angeles office) could defend the depositions.[1] Altura Decl. ¶ 11; exhibit F.

On February 13, 2020, defense counsel offered March 6, 2020 for Officer Puente's deposition and on February 23, 2020, defense counsel confirmed Officer Stance for March 6, 2020. Altura Decl. ¶¶ 12, 15; exhibits G, I. (Plaintiff's

---

[1] None of the other attorneys at Ivie, McNeill & Wyatt have experience with use of force cases in the probation context. Only three other defense attorneys have meaningful experience in §1983 cases and all three are unavailable on February 27, 2020. Surely, if Plaintiff's counsel were unavailable on the date that Defendants noticed the depositions of Krystal Reyes and Irie Reyes, Plaintiff's counsel would vigorously object. Parties to a lawsuit are entitled to be represented at a deposition by the counsel of their choosing.

-3-

counsel represented that they would take both depositions in a single day).

On February 14, 2020, Plaintiff's counsel emailed defense counsel stating that March 6, 2020 was unacceptable for the depositions of Officer Stance and Officer Puente because it was on the discovery cut-off. Altura Decl. ¶ 13; exhibit H. Inexplicably, Plaintiff suggested March 3 or March 4, but Defendant had already noticed the deposition of Krystal Reyes for March 4. *See* Altura Decl. ¶ 14. It is simply unclear why March 4, 2020 was acceptable to Plaintiff, but March 6, 2020 was not. Whether a deposition occurs on the fact discovery cut-off or two days before the fact discovery cut-off is no matter—and Plaintiff cannot articulate a reason for his arbitrary position.

In sum, there is good cause for a protective order to stay the depositions of Officer Stance and Officer Puente for February 27, 2020 because defense counsel gave timely notice of his unavailability and offered an alternative date within a reasonable amount of time.

**C.     The Court Should Stay the Depositions of Defendant's Rule 30(b)(6) Witnesses**

The Court should stay the depositions of Defendant's Rule 30(b)(6) witnesses because Defendants were not "give[n] reasonable written notice." Fed. R. Civ. P. 30(b)(1). "[T]en business days' notice generally is considered reasonable," but there is no fixed rule as to what constitutes reasonable notice. *Lucas v. Breg, Inc.*, No. 315CV00258BASNLS, 2015 WL 8328696, at *2 (S.D. Cal. Dec. 8, 2015). The *Lucas* court concluded that seven days' notice was not reasonable. *Id.* The analysis is necessarily case-specific and fact-intensive and the particular circumstances of a case may shorten or lengthen the amount of notice that is considered reasonable. *See Mason v. Silva*, 2013 U.S. Dist. LEXIS 74801, 2013 WL 2338720 (S.D. Cal. May 28, 2013). Relevant circumstances include the complexity of the case, how close the deposition is to discovery cut-off and how "obvious-or at least probable-that the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices." *Lucas*, 2015 WL 8328696 at *2.

Here, Defendants received a mere 8 business days' notice of the Rule 30(b)(6) witness. Altura Decl. ¶ 16; exhibit J. Defense counsel actually received the deposition notice on February 20, 2020, eight business days before the noticed date of March 3, 2020. Altura Decl. ¶ 16; exhibit J. While the proof of service declares under penalty of perjury that the deposition notice was placed in the mail on February 14, 2020, the date marked by the United States Post Office is February 17, 2020. (Notably, Plaintiff used stamps from Stamps.com, which do not indicate the date they were purchased, printed, or attached to the envelope.) Altura Decl. ¶¶ 17, 18; exhibits J, K. Therefore the proofs of service are presumed invalid. *See* Cal. Code Civ. Proc. 1013a; *Iverson*, 167 Cal. App. 3d at 548; *In re R.R.*, 187 Cal. App. 4th at 1276.

A Rule 30(b)(6) notice requires the noticed party to identify and designate an individual who can testify to the matters in the notice. *See* Fed. R. Civ. P. 30(b)(6). The entity producing the Rule 30(b)(6) witness also has an obligation to educate the witness to provide competent, binding testimony on the matters in the notice. *See Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012). Further, good lawyering requires that the Rule 30(b)(6) witness be prepared for the deposition. A Rule 30(b)(6) witness is likely to be a senior official with a busy schedule and coordinating a time to meet is more challenging than for ordinary employees. Each of these steps can take a week to coordinate. *See* Altura Decl. ¶ 19. Here, Plaintiff gave a mere eight business days' notice despite knowing that defense counsel is extremely busy in February. Altura Decl. ¶ 20; exhibit L. That is plainly not reasonable written notice. The Court should stay the deposition of Defendant County of Los Angeles' Rule 30(b)(6) witness.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant the *ex parte* applications and issue a protective order staying the depositions of Officer Stance and Officer Puente. Defendants also respectfully request that the

Court issue a protective order staying the deposition of Defendant's Rule 30(b)(6) witnesses.

Dated:  February 25, 2020					**IVIE, McNEILL & WYATT**

							By:	/s/ Jack F. Altura
								**RICKEY  IVIE,**
								**JACK F. ALTURA**
								Attorneys for Defendants
								COUNTY OF LOS ANGELES, et al.