**RICKEY IVIE** (#76864)
rivie@imwlaw.com
**JACK F. ALTURA** (#297314)
jaltura@imwlaw.com
**IVIE, McNEILL & WYATT**
444 S. Flower Street, Suite 1800
Los Angeles, California 90071
Tel.   (213) 489-0028
Fax   (213) 489-0552

Attorneys for Defendants
**COUNTY OF LOS ANGELES, et al.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL REYES, as Guardian ad Litem for I.R., a minor,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY PROBATION DEPARTMENT, LOS ANGELES COUNTY CHIEF PROBATION OFFICER TERI L. McDONALD, DEPUTY PROBATION OFFICER PUENTE, DEPUTY PROBATION OFFICER STANCE, and DOES 1 TO 10,<br><br>Defendants. | CASE NO.: 2:19-cv-5209-GW-KS<br><br>**DECLARATION OF JACK F. ALTURA IN SUPPORT OF DEFENDANTS' FIRST *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER STAYING THE DEPOSITIONS OF DEFENDANTS OFFICER PUENTE AND OFFICER STANCE; FIRST *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER STAYING THE DEPOSITION OF DEFENDANT COUNTY OF LOS ANGELES' RULE 30(B)(6) WITNESSES** |

## DECLARATION OF JACK F. ALTURA

I, Jack F. Altura, declare as follows:

1. I am an attorney licensed to practice law in the State of California and before this Court. I am an associate at the law firm of Ivie, McNeill & Wyatt, counsel of record for Defendants in this case.

2. I make this declaration in support of Defendants' *ex parte* application for a protective order staying the depositions of Officer Puente and Officer

-1-

Stance; and for an order quashing Plaintiff's Rule 30(b)(6) notice, or in the alternative, for a protective order staying the deposition of Defendant County of Los Angeles' Rule 30(b)(6) witness.

3. If called upon to testify, I could and would testify to the following facts based upon my personal knowledge.

4. On February 25, 2020 at approximately 11:45 a.m., I emailed Justin E. Sterling and Erin Darling, counsel for Plaintiff, giving them *ex parte* notice. A true and correct copy of the letter is attached as Exhibit A. The letter stated that I would be moving *ex parte* on February 25, 2020 for a protective order staying the depositions of Officer Stance and Officer Puente; and for an order quashing Plaintiff's Rule 30(b)(6) deposition notice or a protective order staying the deposition of Defendant County of Los Angeles' Rule 30(b)(6) witness. I informed Plaintiff's counsel that I would be moving for this relief because I had timely informed them that I was unavailable on the date that they noticed Officer Puente's and Officer Stance's deposition and gave them reasonable notice of an alternative date. I also informed Plaintiff's counsel that I would be moving to quash the Rule 30(b)(6) notice or staying the Rule 30(b)(6) deposition because Plaintiff served a false proof of service and because Plaintiff failed to provide reasonable written notice of the Rule 30(b)(6) deposition.

5. On February 25, 2020 at approximately 11:45 a.m., I made telephone calls to both Mr. Darling and Mr. Sterling. I left a voicemail for both and informed them of the information contained in paragraph four of this declaration.

6. On February 25, 2020, Mr. Darling informed me by email that Plaintiff would be opposing the *ex parte* application. A true and correct copy of that email is attached as Exhibit B.

7. On February 5, 2020, I received Plaintiff's deposition notices of Officer Stance and Officer Puente, which were noticed for February 27, 2020. A true and correct copy of those documents is attached as Exhibit C.

-2-

8. The proof of service, executed under penalty of perjury, states that the deposition notices were placed in the mail on January 31, 2020.  Exhibit C.
9. The envelope in which the deposition notices were sent is stamped February 3, 2020.  A true and correct copy of the envelope is attached as Exhibit D.
10. On February 6, 2020, I emailed Plaintiff's counsel an objection to the deposition notice on the ground that I was unavailable on February 27, 2020.  A true and correct copy of the objections is attached as Exhibit E.
11. On February 12, 2020, Plaintiff emailed me a "response" to my February 6, 2020 objections.  A true and correct copy of those documents is attached as Exhibit F.
12. On February 13, 2020, I offered March 6, 2020 for the deposition of Officer Puente.  A true and correct copy of the email is attached as Exhibit G.
13. On February 14, 2020, Plaintiff's counsel emailed me stating that March 6, 2020 was an unacceptable date for the depositions of Officer Stance and Officer Puente because it was on the discovery cut-off date.  A true and correct copy of that email is attached as Exhibit H.
14. Plaintiff offered the alternative dates of March 3 and 4, 2020, even though I had already noticed the deposition of Plaintiff Krystal Reyes on March 4, 2020.  Exhibit H.
15. On February 23, 2020, I confirmed Ms. Stance's deposition for March 6, 2020.  A true and correct copy of the email is attached as Exhibit I.
16. On or about February 20, 2020, I received a copy of Plaintiff's Notice of Rule 30(b)(6) witness to Defendant County of Los Angeles.  A true and correct copy of the deposition notice is attached as Exhibit J.  While the stamp from my firm shows February 19, 2020, I do not recall receiving the Rule 30(b)(6) notice until February 20, 2020.  The notice set the Rule 30(b)(6) deposition for March 3, 2020—a date Plaintiff previously suggested for the depositions of Officer Puente and Office Stance.
17. The proof of service to the Rule 30(b)(6) notice states that it was deposited in the mail on February 14, 2020.  Exhibit J.

-3-

18. The envelope in which the Rule 30(b)(6) notice was sent is stamped February 17, 2020. A true and correct copy of the envelope is attached as Exhibit K.
19. Based on my experience identifying, educating, and preparing witnesses for their Rule 30(b)(6) deposition, it can take several weeks to complete this process. I have never once completed this process in eight business days.
20. On February 12, 2020, I informed Plaintiff's counsel that my February calendar would be incredibly busy. A true and correct copy of this email is attached as Exhibit L.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 25, 2020 at Los Angeles, California.

/s/ Jack F. Altura
Jack F. Altura

-4-